IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RAYSHAUN POWELL

    PLAINTIFF

CIVIL ACTION:

**1:12CV1965**

**JUDGE GAUGHAN**

**MAG. JUDGE McHARGH**

VS.

STEPHEN SILVA: SOCIAL WORKER, In his official and individual capacities,

Nancy Griffiths: SUPERVISOR, In her official and individual capacities,

LORAIN COUNTY CHILDREN SERVICES ADMINISTRATOR GARY CROW, in his official and individual capacities,

City of Elyria,

    DEFENDANT

COMPLAINT

## Introduction

Rayshaun Powell ["Powell"] of Ohio hereby asserts the following claims against the defendants in the above-entitled action:

(1) VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT,

(2) VIOLATIONS OF OHIO R.C. 2151.421: MALICIOUS FAILURE OF REPORTING NEGLECT AND DEPENDENCY OF A CHILD OR FAILURE TO ACT,

(3) VIOLATIONS OF CIVIL RIGHTS ACT OF 1983: DEPRIVATION OF HEALTH AND WELFARE,

(4) INTENTIONAL INFLICTING EMOTIONAL DISTRESS.

JURISDICTION

1. JURISDICTION of this court arises under 28 U.S.C. secs 1343, and 42 U.S.C. secs 1983; Privilege and Immunities clauses, U.S.C.A. Article IV sec 2. Clause I and Amend. XIV sec I,

2. JURISDICTION of this court for the pendent claims is authorized by F.R.CIV.P.18(a), and arises under the doctrine of pendent jurisdiction as set forth in united states mine workers V. Gibbs, 383 U.S. 715 (1966).

PARTIES

3. Plaintiff Rayshaun Powell ["Powell"] is a natural person residing at 1957 NICHOLS AVENUE, Lorain, County, Ohio; United states of America was residing of Ohio during all relevant times of this action.

4. Defendant Stephen Silva; social worker in Lorain County Children Services Administration, who is a natural person, in the county of Lorain, Ohio; United States of America and a duly-appointed caseworker of Lorain County Children Services Administration, located at 226 Middle Avenue, ELYRIA, OHIO at all times relevant to this complaint.

5. DEFENDANT NANCY GRIFFITH: ~~Administrator~~ supervisor of Lorain County Children Services Administration, Ohio, United States of America, and the duly-appointed supervisor of Lorain County Children Services, City of Elyria, Ohio, at all times relevant to this Complaint. He is and has been responsible for the enforcement of LCCS policies, procedures, and practices in the City of Elyria. He is also responsible for the training and conduct of his employees.

6. LORAIN COUNTY CHILDREN SERVICES ADMINISTRATOR GARY CROW, OHIO, United states of America, and the duly-appointed Administrator of "LCCS", at all times relevant to this Complaint. He is the director of LCCS, responsible for all trained social workers, conduct and protector of child services Administration business.

7. City of Elyria is a municipal corporation under political subdivision, they are to uphold the peoples civil liberties and protect the interest of the child and families, see chapter 2744 of the Ohio revise code. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Stephen Silva - social worker of LCCS, Nancy Griffinths - Supervisor; and also Gary Crow - Administrator of LCCS at all times relevant to this Complaint.

8. Plaintiff sues all public employees in their official and individual capacities.

9. At all times material to this Complaint, Defendants Stephen Silva, Nancy Griffinths and Gary Crow acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State of Ohio, City of Elyria and the Lorain County Children Administration.

FACTS

10. On January 30, 2012, LCCS received a referral regarding alleged sexual activity exhibited by Erica Perezs, Powells wife oldest son with her younger daughters. The allegation was unfound, but, on investigating the home of perez, social worker Stephen Silva of LCCS observed that the home was filthy and the children were dirty.

11. The home had little furniture and the children sleep on mattresses on the floor because they have no beds.

12. On more than one occasion after the day of January 30, 2012 because of still investigating the "perez family", the mother has had minimal food in the home.

13. LCCS has learned that her children on numerous occasions went to school with feces on there clothes and with urine soaked clothes.
   SEE PAGE 2, (E),(F)

14. ON April 3, 2012, LCCS Worker Stephen Silva, went into the home and it was filthy, and still of very little food. On that same day Ms. Perezs' children were wearing clothes soaked of urine.

15. On Febuary 2, 2012 LCCS learned that the mother had left her children home alone with no adult supervision with a lit candle.
   SEE PAGE 2, (F),(I)

16. On July 6, 2012, L.P.D. were dispatched to the 1700 block of Long Avenue to Ms. Perez's home. Perez was arrested for (7) counts of child endangering charges and one of each, disorderly conduct persisting, disorderly conduct by intoxication, obstructing official business, resisting arrest and disorderly conduct persisting.

17. Ms. Perez the wife of powell was also pregnant by another man not her husband.
    SEE PAGE 7, (5) AND 6, (4)

18. Mr Powell declares that perez has always been unfit, starting in 2001 until this year of 2012.
    SEE PAGE 9, (5)

19. LCCS has dealt with Ms. Perez on numerous occasions.
    SEE PAGE 1, (A)

20. On these occasions LCCS has watched Perez neglect her children, living in a unsafe environment, a unhealthy living condition, to a degree of endangering the childrens well-being.
    See PAGE 9, (B), 1, 2, 3, 4.

21. On July 6, 2012, Also, Powells baby boy, a 1 year old child had a seizure and was taken to Mercy Regional Medical center.

22. Children in the home of Ms. Perez declared that the boy always has seizures and the boy would stop breathing and turn blue each time he had a seizure and Perez did nothing.
    See PAGE 6, (0)(5)

23. Perezs' actions on all occasions warrant the safty of all (8) of Powell and her children.

24. LCCS allowed the children to reside in a unsafe, unhealthy, and unsupervised home knowingly showing their neglect and unresponsive actions of recklessness of duly-appointed duties to protect the children of Powell and Perez from a mother who stephen silva the casework claimed was mentally ill.
    See CASE PLAN SHEET PAGE 7 OF 14 SECTION 2

25. LCCS records prove that unprofessional acts were being committed by Stephen Silva, who observed these criminal acts and reported them to his supervisor Nancy Griffinths who under the authority of Gary Crow the Administrator trained both employees the statutes, ordinances, customs, and usage of the state of Ohio, City of Elyria and County Children Services Administration.

## COUNT I: VIOLATION OF 42 U.S.C. 1983, REFUSING OR NEGLECTING TO PREVENT

26. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. sec 1983, also, Ohio R.C. 2151.421; Public Policy. AM. H.B. No. 218, 131 Ohio Laws 632.

28. Acting under color of law all Defendants worked a denial to protect Powells children by blood and by wedlock, denying the children there rights and privileges or immunities secured by the United States constitution or by Federal law.[2]

    [2] Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997); Mcnamara v. Honeyman, 406 Mass. 43, 52 (1989).

(a) by depriving Powells children of their rights of health and welfare in a safe environment.[3]

    [3] CIVIL RIGHTS ACT OF 1983; XIV Amend. of the United States Constitution.

(b) by refusing or neglecting to prevent a criminal act.[4]

    [4] REV. CODE 2151.421(A)(1)

(c) conspiring to violate the rights, privileges, and immunities guaranteed the children by the constitution by reason that Powells children are living natural children of this land of the United States of America and are the inhabitants of Ohio.

29. Defendant Gary Crow and the city of Elyria had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendant Gary Crow and the City of Elyria had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

30. Defendant Gary Crow and the City of Elyria directly or indirectly, under the color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of social workers heretofore described.

31. As a direct and proximate cause of the negligent and intentional acts of Defendants Gary Crow and the City of Elyria as set forth in paragraphs 26 through 30 above, Plaintiff suffered physical injury, and mental anguish in connection with having to watch forcefully his children being treated like animals, and being deprived of life, liberty and future property by reason of them being held back from a course of wisdom and forced to walk in a course of unnatural meaning that violates, U.S.A.C. Amend 1; And Article 1 Section 7 of the Ohio Constitution.

Wherefore, Plaintiff demands judgement against all the Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further demands judgement against each of said Defendants, jointly and severally, for punitive damages[5] in the amount of $100,000, plus cost of this action and such other relief deemed to be just and equitable.

[5] "PUNITIVE damages are recoverable in sec 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights). Smith V. Wade, 461 U.S. 30, 50-51 ((1983); Clark V. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355

COUNT 2: VIOLATIONS OF OHIO R.C. 2151.421: MALICIOUS FAILURE OF REPORTING NEGLECT AND DEPENDENCE OF A CHILD OR FAILURE TO ACT ON CRIMINAL ACT.

32. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. At all times relevant herein, the conduct of all Defendants were subject to 42 U.S.C. secs. 1983, Also, Public Policy of 2151.421; Brodie V. Summit Cty. Children Services, BD (1990)

Wherefore, Plaintiff demands judgement for the neglect of duty-appointed duty against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $500,000 and further

demands judgement against each of said Defendants, jointly, and severally, for punitive damages in the amount of $100,000, plus the costs of this action and such other relief deemed to be just and equitable.

### COUNT 3: VIOLATIONS OF CIVIL RIGHTS ACT OF 1983; DEPRIVATION OF HEALTH AND WELFARE

34. POWELL repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant herein, the conduct of all Defendants were subject to the Civil Rights Act of 1983.

36. Defendants Stephen Silva, Nancy Griffinths and Gary Crowl had a duly-appointed duty to protect Powells kids from his wife Perez, undermining the situation the Defendants allowed (8) of Powells minor children by blood and wedlock remain in the custody of his mentally ill wife.
    see page 2, (H), 4(M), 8(Q)

37. Defendants unprofessional allowing Powells children to remain in the custody of his wife Perez while she was under emotional, unbalance and mentally uncompetent state.
    see case plan page 7 of 14 section 2, 9 of 14 sec 2

38. Perez (Mother of 8) had disregard for the well-being of her (8) minor children. The defendants understood this clearly and direct, this is the reason why a case plan was issued for the perez family.

    Case plan page 3 of 14 section 2, 2 (E) (F) (G) (H)

39. Powells baby boy, a 1 year old child suffered and still suffers because of the negligence of Perez being allowed by Defendants Stephen Silva, Nancy Griffinths and Gary Crow, to allow a criminal act[6] to continue noticed by eye-witnesses, by Powells minor children[7] and also Defendants in their acting under color of statute, ordinance, regulation, custom, or usage, of the City of Elyria and the Lorain County Children Services Administration.[8]

---

[6] R.C. 2151.421, A(1)   [7] PAGE 6 *, (0), (9)

[8] "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State Territory or District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . . . Civil Rights Act of 1983.

40. Thus, under color of state, 8 children, 3 of Powells seeds, 5 united through wedlock was deprived by the Defendants due protection under the law of the United States of Americas Constitution and the Ohio Constitution guaranteed by XIV Amend. of U.S.A.C.[9]

[9] IN Monroe v. Pape (1961), the Supreme Court interpreted sec 1983's "under color of law" requirement to recover cases in which state and local officials were not acting in accordance with state law but in violation of it. A vast number of Supreme Court decisions relate to Section 1983. They cover issues such as the conditions under which governmental entities can be held liable for acts of their various employees, immunities that can be asserted to preclude suits against particular officials, the requirements for awards of damages and injunctive relief, circumstances in which federal courts should abstain from deciding a Section 1983 claim, and more.

The rights litigate under Section 1983 are extremely varied, including not only equal protection and due process, but constitutional rights made applicable to the state by the fourteenth Amendment and many federal statutes. Slaughterhouse Cases (1873).

41. Because of the Defendants actions to disregard the law to protect, the law the Defendants are bound to uphold they conspired against leaving every child in the care of Perez, individual victimized.

42. Powells one year old son could of died from the Defendants failure to act professional and not under color of law. See Page 6 (O), *

43. As a direct and proximate result of the conduct of the Defendants, Powell was put in continuing anxiety and has suffered damages including, but not limited to the aforesaid damages.

Wherefore, Plaintiff Powell demands judgement against Defendants for injunctive relief and actual, special, compensatory and punitive damages and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

### COUNT 4: INTENTIONAL INFLICTING EMOTIONAL DISTRESS

44. Powell repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. Defendants intentionally and deliberately inflicted emotional distress on Powell, the actions of defendants failure to protect his children, were the cause of Powells distress.

46. Defendants conduct was extreme and outrages, beyond all possible bounds of decency and utterly intolerable in a civilized community.

47. Powell is a reasonable man.

48. The emotional distress sustained by Powell was severe and of a nature that no reasonable man could be expected to endure."[10]

   [10] Agis V. Howard Johnson Co., 371 Mass. 140, 145 (1976).

49. As a result of the Defendants' extreme and outrages conduct, Plaintiff was, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion."[11]

   [11] "Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort. American Velodur Metal, Inc. V. Schinabek. 20 Mass. App. Ct. 460, 470-471 (1985).

50. Defendants City of Elyria are liable under the doctrine of respondeat superior.

51. As a result of the defendants' extreme and outrages conduct, Powell has suffered and will continue to suffer mental pain and anguish and

severe emotional trauma.

Wherefore, Plaintiff demands judgement, including interest, jointly and severally against Defendants Stephen Silva, Nancy Griffinths and Gary Crow, City of Elyria, Lorain County Children Services Administration in an amount deed by this court to be just and fair and in any other way in which the Court deems appropriate.

RESPECTFULLY SUBMITTED,
RAYSHAUN POWELL

DATE: 7/27/12

CHRISTINA LOVETT FOR:
RAYSHAUN POWELL
1956 NICHOLS AVENUE
LORAIN, OHIO 44053
440-242-0157

Christina Lovett,

STATE OF OHIO )
COUNTY OF LORAIN ) SS. AFFIDAVIT OF VERIFY

## PLAINTIFF VERIFICATION

I, the undersigned, under the pains and penalty of perjury of any false statement made by me in the foregoing legal documents attached hereto will subject me to such penalties for perjury.

I, further state that the allegations, averments, or contents of the legal documents attached hereto are true and correct.

_Rayshen Paul_
AFFIANT

SWORN to and SUBSCRIBED before me, a duly commissioned Notary Public, this 25th day of July, 2012.

_Stuart C Canfield_
NOTARY PUBLIC

STUART C. CANFIELD
NOTARY PUBLIC • STATE OF OHIO
Recorded in Lorain County
My commission expires Mar. 27, 2013